■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD WALLS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 13, 1972, convicting him of murder, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, and new trial ordered, with separate memoranda by Hopkins, Acting P. J., in which Benjamin, J., concurs, and by Munder, J., in which Martuscello and Latham, JJ., concur. The facts upon which the judgment was based were considered and determined to have been established. Hopkins, Acting P. J.: Defendant, 16 years old at the time of the incident in question, was indicted for common-law murder and felony murder. He was convicted of felony murder. The theory of the prosecution was that he had acted as a lookout while another boy was robbed and killed by accomplices. At a pretrial hearing a

statement made by defendant to the police was ruled admissible. A second statement allegedly made by him to an Assistant District Attorney was not offered by the prosecution at the pretrial hearing, because it did not comply with *Miranda* standards (*Miranda* v. *Arizona*, 384 U. S. 436). In both statements defendant admitted his participation in the incident as a lookout. It is the use of the second statement in the cross-examination of defendant and his mother at the trial which concerns me. Defendant's mother had been summoned to defendant's questioning by the authorities at his request. She testified at the trial that she was present at defendant's interrogation and did not hear him admit his participation in the crime. On cross-examination, over objection by defendant's counsel, the prosecutor read from the statement said to have been made by defendant to the assistant district attorney (not previously the subject of any preliminary hearing) and she was asked whether she had heard the admissions made by defendant. When defendant testified in his own defense, that he had not admitted to his complicity, to the police, the same statement was read to him and he was asked whether he had made it. The prosecution argues that the use of the statement taken in violation of *Miranda* is justified on the ground that its contents were admissible on cross-examination for impeachment purposes (*Harris* v. *New York*, 401 U. S. 222; *People* v. *Johnson*, 27 N Y 2d 119). The rationale therefor lies, as the Supreme Court said in *Harris*, in the right to "utilize the traditional truth-testing devices of the adversary process" (*Harris* v. *New York*, *supra*, p. 225). But the time-honored device of testing credibility by confronting the witness with prior inconsistent statements would not be available when the witness, as in the instance of defendant's mother, is not the person who made the statements claimed to be inconsistent. Thus, the rule in *Harris* cannot literally be a foundation for the use of defendant's statement for cross-examination of his mother. Nor do I think that by implication the rule in *Harris* should be extended on the contention that the statement served to contradict the mother's testimony that she did not hear defendant's admissions. There are limits to the impeachment of a witness by extrinsic facts (cf. 3A Wigmore, Evidence [Chadbourn rev.], § 878, pp. 647–648) and the policy considerations underpinning *Miranda* would surely be destroyed if a confession inadmissible under its standards were placed before a jury through cross-examination of a witness for the defense. If allowed, this would indeed result in a case where the exception swallows up the rule. There is yet another reason, however, why the statement should not have been allowed to be used on cross-examination of either defendant or his mother. The voluntariness of the statement to the Assistant District Attorney was put in issue at the trial by defendant, because he claimed he asked for an attorney at the time of the questioning and was denied one. Despite this claim and the request of his counsel for a charge that the denial of an attorney could be taken into account by the jury in determining voluntariness, the incriminating statement was used to impeach credibility. It was made clear in *Harris* that the defendant there did not raise the issue of coercion (*Harris* v. *New York*, 401 U. S. 222, 224, *supra*). *Harris* dealt with a statement inadmissible only because the required warnings had not been given; and its holding therefore does not sanction the use on cross-examination of a confession void because of coercion. Indeed, it would be antithetical to the concept of the admissibility of a confession to allow any use on the trial of a coerced statement, since it is inherently untrustworthy (cf. *Watts* v. *Indiana*, 338 U. S. 49, 59–60; *Lyons* v. *Oklahoma*, 322 U. S. 596, 605). When, therefore, the issue of coercion was raised, the usual procedure of a hearing outside the ken of the jury should have been had to determine the voluntariness

of the second statement. In the absence of such a determination, the statement should not have been allowed to be used for any purpose, including that for impeachment on cross-examination (cf. *People* v. *Underwood*, 61 Cal. 2d 113; *State* v. *Turnbow*, 67 N. M. 241). Moreover, the court should have charged the jury, in any event, that in determining the voluntariness of the statement the failure to provide an attorney for defendant on his request was properly a matter for its consideration (cf. *People* v. *Rodney P.* [*Anonymous*], 21 N Y 2d 1; *People* v. *Stephen J. B.*, 23 N Y 2d 611, 615). This is a case where the guilt of defendant almost entirely rests on his statement. Any question relating to its validity strikes at the conviction itself. In weighing defendant's testimony in the light of his statement, the jury could not help but be influenced by the prosecution's improper use of the second statement. For these reasons, I am of the opinion that a new trial is required. Munder, J.: To the extent that the memorandum of Mr. Justice Hopkins concludes that defendant should be accorded a new trial for the error committed in the use of his *Miranda*-violated confession to impeach his mother, I concur. I am not prepared to say that his statement could not be used in his own cross-examination because of his assertion that he asked for an attorney before his questioning and that that request was denied. As to the mother I agree that the use of the statement on her cross-examination was an impermissible extension of the rule of *Harris* v. *New York* (401 U. S. 222). While it is true that there Chief Justice Burger observed that "Petitioner makes no claim that the statements made to the police were coerced or involuntary" (p. 224), no determination was made that a statement "coerced" by failure to provide an attorney could not be used to test the maker's credibility. The decisions of the Supreme Court of the United States cited in the memorandum of Mr. Justice Hopkins involved the use of coerced confessions as evidence in chief. On a new trial, assuming a similar use of the statement in cross-examination of defendant, the jury should be apprised of the circumstances under which the statement was taken for any effect that they may have upon the question of impeachment.